UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

RICK BONDS,
        Plaintiff,

V

PHILLIPS ELECTRONICS NORTH AMERICA,
PHILLIPS HEALTHCARE,
PHILLIPS NUCLEAR MEDICINE, INC,
        Defendants.
_____/

COMPLAINT
AND
JURY DEMAND

## JURISDICTION

1. Jurisdiction is proper in this court pursuant to 28 USC 1332. The controversy exceeds the amount of $75,000, exclusive of interest and costs and is between citizens of different states.

2. Plaintiff Rick Bonds is a citizen of the State of Michigan.

3. Defendant Phillips Electronics North America is a citizen of the State of New York and State of Massachusetts, Phillips Nuclear Medicine, Inc. is a resident of the State of California and Missouri and Phillips Healthcare is a resident of the State of Washington.

## COUNT 1 – INTERFERENCE WITH A BUSINESS RELATIONSHIP

4. Plaintiff repeats and realleges paragraphs 1 through 3 as if fully set forth herein verbatim.

5. The plaintiff began working for a predecessor corporation of Phillips Heathcare named Picker Corporation in October of 1996.

6. The plaintiff was assigned to the Detroit Medical Center and serviced Varian Siemens, Linear and MedCyc equipment.

7. On October 25, 1996 signed an agreement with Picker that he would not disclose any confidential information relating to Picker's Business.

8. On October 28, 1996 the plaintiff signed an agreement that he would not service any Picker International equipment.

9. In January of 2009 the plaintiff sought to supplement his income and took a position with Barrington Medical Imaging, LLC.

10. At Barrington the plaintiff would service GE and Phillips CT and MRI Scanners.

11. The plaintiff took care not to service for Barrington any equipment that he serviced at Phillips.

12. Plaintiff's territory was south of Interstate 94 for Barrington and did not interfere with his territory for Phillips.

13. During all times while employed with Picker, Phillips Healthcare and Barrington the plaintiff received very good evaluations.

14. Around July 2009 defendant Phillips Healthcare discovered that the plaintiff was also working at Barrington.

15. Phillips did not have any information that the plaintiff was in breach of any confidentiality agreement, any non-disclosure agreement or any servicing of Phillips equipment.

16. Phillips Electronic North America by and through their attorney without any reason to believe there was a breach of any agreement sent a letter to the plaintiff stating "we are naturally concerned about the POTENTIAL disclosure of Phillips confidential information. Please confirm in writing that you have not furnished Barrington with any such information."

17. The Phillips Electronics North America faxed a copy of the letter to Barrington Medical.

18. The Phillips Electronics North America knew or should have known that the faxing of said letter would interfere with plaintiff's employment contract with Barrington.

19. On August 21, 2009 after receiving the letter plaintiff was terminated by Barrington.

20. The acts of the Phillips Electronics North America attorney interfered with plaintiff's contract with Barrington.

21. As a direct and proximate result of said interference with plaintiff's contractual relationship with Barrington by defendant plaintiff has suffered damages, including lost wages and benefits.

WHEREFORE, Plaintiff prays this court award him damages covering lost wages and benefits he would have received at Barrington, both past and future.

Respectfully submitted,

/s/ Richard A. Meier

Richard A. Meier (P38204)
Attorney for the Plaintiff
30300 Northwestern Highway, Ste. 320
Farmington Hills, Michigan 48334
248-990-1971