UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RICK BONDS**,

    Plaintiff/Counter-defendant,

                                          No. 2:12-cv-10371
vs.                                              Hon. Gerald E. Rosen

**PHILIPS ELECTRONIC**
**NORTH AMERICA,**

    Defendant/Counter-plaintiff.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO**
**CANCEL FINAL PRETRIAL CONFERENCE**

On January 23, 2014, this Court entered summary judgment in favor of Defendant and dismissed Plaintiff's one-count Complaint. (Dkt. # 64). All that remains to be adjudicated are Defendant's four counterclaims against Plaintiff. On January 29, 2014, the Court *both* referred this matter to Magistrate Judge R. Steven Whalen to conduct a settlement conference in March 2014 *and* set a Final Pretrial Conference for April 24, 2014. (Dkt. ## 66-68). The settlement conference was not successful. Defendant now seeks three alternative forms of relief with respect to the upcoming Final Pretrial Conference: (1) its cancelation; (2) a continuation of sixty days; or (3) excusing its representative from attendance. (Def's Mtn., Dkt. # 71). The Court DENIES Defendant's Motion for two reasons.

1

First, it is untimely. Under this Court's Scheduling Order, "requests for modifications of dates set by this Scheduling Order should be submitted by written motion to the Court at least 21 days prior to the date for which modification is sought." (Dkt. # 17, at 2). Defendant filed its Motion on April 10, 2014 -- seven days after its 21-day window closed.

Second, even if it was timely, Defendant has not presented good cause to modify this Court's Scheduling Order. Fed. R. Civ. P. 16(b)(4) ("A schedul[ing order] may be modified only for good cause and with the judge's consent."). This rule "grants district courts broad discretion to enforce their scheduling orders." *Estes v. King's Daughters Med. Ctr.*, 59 F. App'x 749, 752 (6th Cir. 2003). "A court asked to modify a scheduling order for good cause 'may do so only if a deadline cannot reasonably be met despite the diligence of the party seeking the extension.'" *Marcilis v. Twp. of Redford*, 693 F.3d 589, 597 (6th Cir. 2012) (citation and alteration omitted). Another "important consideration for a district court deciding whether Rule 16's good cause standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." *Id.* (citation omitted).

As grounds for its request to cancel the April 24, 2014 Final Pretrial Conference, Defendant highlights Plaintiff's approach to recent settlement discussions and a possible appeal: "Plaintiff insists that he will pursue an appeal of

the Court's summary judgment order, and did not even make a settlement demand during the settlement conference." (Def's Mtn., Dkt. # 71, at 4). Defendant therefore hints at a forthcoming motion to certify the grant of summary judgment under Federal Rule of Civil Procedure 54(b) and to stay the entire case so that Plaintiff may file an immediate appeal. (*Id.* at 4-5). Plaintiff apparently concurs with this approach. (*Id.* at 2). Neither Defendant nor Plaintiff, however, has filed such a motion. The Court declines to find good cause to cancel the Final Pretrial Conference based on a hypothetical motion that has not yet been filed.[1]

In the alternative, Defendant requests a continuance of sixty days "in order to allow Philips additional time to evaluate the matter given that its focus has been on resolving the matter through settlement and because Philips anticipates that additional time will be necessary to work with Plaintiff's counsel on the Joint Pre-Trial Order." (*Id.* at 5). All that remains in this matter are Defendant's

---

[1] Though Defendant's present Motion does not request relief under Federal Rule of Civil Procedure 54(b), based on the record as a whole, the Court is quite skeptical that this is one of those "infrequent harsh case[s]" where limited interlocutory appeal would serve the interest of justice and judicial administration. *Rudd Const. Equip. Co., Inc. v. Home Ins. Co.*, 711 F.2d 54, 56 (6th Cir. 1983); *see also Page Plus of Atlanta, Inc. v. Owl Wireless, LLC*, 733 F.3d 658, 659 (6th Cir. 2013) ("The [one-case, one-appeal] rule guards against piecemeal appeals that permit litigants to second-guess the district court at each turn, harming the district court's ability to control the litigation in front of it and consuming finite appellate court resources along the way."); *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 62 (6th Cir. 1986) ("[J]udicial economy will best be served by delaying appeal until all the issues can be confronted by this Court in a unified package. This is particularly true where the adjudicated and pending claims are closely related and stem from essentially the same factual allegations.").

3

counterclaims against Plaintiff, which were not the subject of a dispositive motion: two claims for breach of contract; a claim of unfair competition; and a claim of misappropriation of trade secrets. (Def's Countercl., Dkt. # 16). Defendant has known since it filed these counterclaims on April 24, 2012 that it needed to be ready to try these counterclaims. At the very least, it was on notice as of January 29, 2014 that trial was a possibility and that it needed to both prepare for the April 24, 2014 Final Pretrial Conference and work with Plaintiff's counsel on the Joint Final Pretrial Order in advance. Based on the facts presented in Defendant's Motion and the record as a whole, the Court sees no reason to adjourn the Final Pretrial Conference just to allow the parties additional time to prepare for something that they have known about for some time now.

Finally, the Court will not excuse the attendance of Defendant's representative at the Final Pretrial Conference. This Court's Scheduling Order is quite clear with respect to attendance at the Final Pretrial Conference: "TRIAL COUNSEL MUST BE PRESENT. CLIENTS, OR THOSE WITH AUTHORITY TO ENGAGE IN SETTLEMENT NEGOTATIONS, SHALL ALSO BE PRESENT. THERE WILL BE **NO EXCEPTIONS** TO THIS REQUIREMENT OTHER THAN IN THE MOST DIRE AND EXTREME OF EMERGENCIES." (Dkt. # 17). Defendant asks that this Court excuse its representative's attendance for two reasons: (1) the fruitfulness -- or lack thereof -- of the parties' prior

4

settlement discussions; and (2) the representative's "previously scheduled trip the week of the Final Pre-Trial [Conference]." (Def's Mtn., Dkt. #71, at 5-6). Such reasons do not rise to the level of "the most dire and extreme of emergencies" sufficient to excuse the representative's attendance.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion [Dkt. # 71] is DENIED.

**IT IS SO ORDERED.**

Dated: April 18, 2014          s/Gerald E. Rosen
                               Chief Judge, United States District Court


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 18, 2014, by electronic and/or ordinary mail.

                               s/Julie Owens
                               Case Manager, (313) 234-5135